IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-274-GCM

| | | |
|---|---|---|
| STEVEN GAUTHIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE SHAW GROUP. INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS MATTER comes before the Court on Plaintiff's Motion Pursuant to Fed. R. Civ.

Proc. 56(d) to Deny Defendant's Motion for Summary Judgment as Premature and to Allow

Discovery [Doc. No. 35], Defendant's response [Doc. No. 40], and Plaintiff's reply [Doc. No.

42]. The matter, fully briefed by both parties, is ripe for determination.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint against The Shaw Group, Inc. and DOES 1 through 20 on

April 30, 2012. [Doc. No. 1]. Defendants filed a Motion to Dismiss on June 28, 2012. [Doc.

No. 13]. Plaintiff, in lieu of opposing Defendants' Motion to Dismiss, elected to file a First

Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) adding Shaw Nuclear Services, Inc.,

and Show Power, Inc. as parties. [Doc. No. 19]. On August 13, 2012, Defendants filed a second

Motion to Dismiss [Doc. No. 24]. By Order dated December 4, 2012, this Court granted in part

and denied in part Defendants' Motion. The Court dismissed all Defendants except for

Defendant The Shaw Group due to the fact that Plaintiff did not allege that the other Defendants

(the Individual Defendants, Shaw Nuclear or Shaw Power) [Doc. No. 28 at 5] were his employer.

1

The Court also dismissed Plaintiff's Sarbanes-Oxley Act claim, his Dodd-Frank Act claim and his claims of Intentional and Negligent Infliction of Emotional Distress, leaving only Plaintiff's Energy Reorganization Act claim against Defendant The Shaw Group. Just two weeks following the Court's Order on Defendants' Motion to Dismiss, Defendant The Shaw Group filed a Motion for Summary Judgment arguing that it was not Plaintiff's employer. [Doc. No. 30]. In response, Plaintiff filed the instant Motion Pursuant to Fed. R. Civ. Proc. 56(d). [Doc. No. 35]. The Court also notes that since the filing of the original Complaint in April 2012, there has been no discovery conducted in this case and no Answer filed.

## LEGAL STANDARD

It is the "general rule [that] summary judgment is appropriate only after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Temkin v. Frederick v. County Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992). Under Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order."

Fed. R. Civ. P. 56(d).

Here, Plaintiff's counsel, Carol Gillam, submitted an affidavit which states that Defendant filed a Motion for Summary Judgment arguing that Shaw is not Plaintiff's employer. Ms. Gillam contends that the status of Shaw as Plaintiff's employer is a factual question and is in dispute and that she requests discovery to develop these facts and to support Plaintiff's opposition. [Doc. No. 35-2]

The Court appreciates Defendant's position that discovery is not necessary to resolve the Motion for Summary Judgment, however, the Court disagrees and will allow discovery.

## ORDER

Therefore, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion [Doc. No. 35] is GRANTED and Defendant's Motion for Summary Judgment [Doc. No. 30] is DENIED as premature. The denial of Defendant's Motion for Summary Judgment is without prejudice to re-file after the completion of discovery;

(2) Defendant SHALL file an Answer in this case within thirty (30) days of the date of this Order. After the filing of the Answer, counsel for Plaintiff and Defendant shall conduct an Initial Attorney's Conference and file a Certificate of Initial Attorney Conference with the Court. The Court will then issue a scheduling Order for this case.

**SO ORDERED**.

Signed: March 5, 2013

Graham C. Mullen
United States District Judge